IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2002

## STATE OF TENNESSEE v. JOHN CHARLES JOHNSON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-D-2519    J. Randall Wyatt, Jr., Judge**

---

**No. M2001-01567-CCA-R3-CD - Filed April 10, 2002**

---

Defendant, John Charles Johnson, was convicted by a Davidson County jury of second degree murder, especially aggravated robbery, and facilitation of aggravated kidnapping. The trial court sentenced him to consecutive sentences of twenty-five years for second degree murder and five years for facilitation of aggravated kidnapping, to be served concurrently with a twenty year sentence for especially aggravated robbery. On appeal, our Court affirmed the conviction and the lengths of each sentence, but reversed the order of consecutive sentencing and remanded to the trial court for a new hearing solely on the issue of consecutive or concurrent sentencing. See State v. John Charles Johnson, No. M2000-00529-CCA-R3-CD, 2000 WL 208512, Davidson County (Tenn. Crim. App., Nashville, March 1, 2001) perm to appeal denied (Tenn. 2001). On remand, the trial court resentenced Defendant to consecutive sentences of twenty five years for second degree murder and five years for facilitation of aggravated kidnapping. In this appeal, Defendant argues that the trial court erred by again ordering the sentences to be served consecutively. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Wendy Tucker, Nashville, Tennessee, for the appellant, John Charles Johnson.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## BACKGROUND

The trial court originally sentenced Defendant to consecutive sentences of twenty five years for second degree murder and five years for facilitation of aggravated kidnapping upon a finding that he was a dangerous offender "whose behavior indicated little or no regard for human life, and no hesitation about committing a crime in which the risk to human life was high." Tenn. Code. Ann. § 40-35-115(b)(4) (1997). On direct appeal, our court remanded to the trial court for a new sentencing hearing solely on the issue of consecutive or concurrent sentencing because the trial court failed to make further specific findings of fact regarding whether consecutive sentencing was appropriate under State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). See Johnson, C.C.A. No. M2000-00529-CCA-R3-CD, *21.

The relevant facts taken from the trial court's written order denying Defendant relief in the resentencing hearing are as follows:

> The testimony by the defendant's co-defendant, Jeremiah Hailey, was that the defendant, along with Hailey, drove the victim to Old Hickory lake in Davidson County with the plan to kill him. Hailey shot the victim twice as he attempted to run away and the victim then jumped into the lake. The defendant, Johnson, then proceeded to hold the victim's head under water for a minute or two. Johnson and Hailey thought about what to do next while the victim was still face down in the water. They decided to move the victim to the other side of the lake hoping the current from the river would carry the body away. They then grabbed the victim's body and dragged him from the water and put him the trunk of the car. They then took the victim to the other side of the lake and put him in the water again. They then gave the victim's body a shove, thinking he was dead, but not sure. The Medical Examiner's autopsy revealed multiple causes of death; numerous blunt force injuries to the head, gunshot wounds, and drowning. The examination also revealed multiple lacerations to the victim's head. Hailey's testimony at trial was contradicted by the defendant's testimony, but apparently accepted by the jury, who returned a verdict of guilt on second degree murder, rather than first degree murder.

At the re-sentencing hearing the State and defense counsel only presented arguments based on the proof established at trial. Subsequently, the trial court entered a written order resentencing Defendant to twenty five years for second degree murder to run consecutive to his five year sentence for facilitation of aggravated kidnapping. These sentences were to be served concurrent to Defendant's twenty year sentence for especially aggravated robbery, for an effective term of thirty years.

# ANALYSIS

Defendant challenges the trial court's imposition of consecutive sentences. He argues that the trial court erred by imposing consecutive sentences upon a finding that he is a dangerous offender. See Tenn. Code Ann. § 40-35-115(b)(4). Defendant contends that he does not qualify as a dangerous offender. He further asserts that the evidence fails to satisfy the additional standards in Wilkerson, 905 S.W.2d at 939. We disagree.

When the defendant challenges the length, range, or manner of a sentence this Court conducts a de novo review of the record with a presumption that the determinations made by the sentencing court were correct. See Tenn. Code Ann. §§ 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that a sentence was improper is on the appealing party. See Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. Because the record in this case indicates that the trial court properly considered the sentencing principles and all relevant facts and circumstances, our review is de novo with a presumption of correctness.

The record supports the trial court's conclusion that Defendant is a dangerous offender "whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4). The record reveals that Defendant helped lure the victim to a secluded spot and watched as the victim was shot twice. Then, Defendant and the co-defendant drug the victim from the water, placed the body in the trunk of the car, and drove to the opposite side of the lake. Defendant then helped co-defendant dispose of the body by throwing the body into the water, although he was unsure if the victim was dead. Certainly, this conduct shows that Defendant has little or no regard for human life and no hesitation to commit a crime with a high risk to human life.

The trial court also found that consecutive sentencing was appropriate under Wilkerson. When a trial court uses the "dangerous offender" factor, it must also conclude that consecutive sentences (1) reasonably relate to the severity of the offenses committed; (2) serve to protect the public from further serious criminal conduct by the offender; and (3) are congruent with general sentencing principles. See Wilkerson, 905 S.W.2d at 939. In applying Wilkerson, the trial court found that [based on the facts set forth in the written order on resentencing] "consecutive sentences as to two (2) of these offenses is appropriate in this case . . . [and] (1) are reasonably related in this case to the severity of the offenses committed, (2) serve to protect the public from future criminal conduct of the offender, and (3) are congruent with the general principles of sentencing." Wilkerson, 905 S.W.2d at 939. Specifically, the trial court found that the "cruel and brutal nature of the offenses committed and the fact that the victim was treated in such an extremely unmerciful manner, as evidenced by the severity of the injuries inflicted and the circumstances of this case," relate to the severity of the offenses and show that consecutive sentences are necessary to protect the public from future criminal conduct by Defendant. Our review of the record reveals that consecutive sentences

are also congruent with general sentencing principles. Thus, consecutive sentences were appropriate under Tennessee Code Annotated section 40-35-115(b)(4) and Wilkerson. Defendant is not entitled to relief on this issue.

## CONCLUSION

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE